IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00154-REB-CBS

LaRUE TROWELL,

      Plaintiff,

v.

ARAPAHOE HOUSE, INC.,
SYLVIA FRANCIS,
ROGER SEE, and
GUY WALKER,

      Defendants.

---

## PROTECTIVE ORDER

---

Pursuant to the Joint Stipulated Motion for Protective Order filed by the parties, the

Court hereby Orders as follows:

1.      This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information disclosed pursuant to the

disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided by Fed. R.

Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this

term.

3.      One who provides, serves, discloses or files any nonpublic documents or

information in connection with this civil action, and who in good faith believes such documents

1

or information contains nonpublic personal, personnel, employment, private, medical, or other information implicating privacy interests or proprietary interests of either the Plaintiff, LaRue Trowell, or the Defendants Arapahoe House, Inc., Sylvia Francis, Roger See and Guy Walker may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4.     Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c)     the parties and designated representatives of the Defendant;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses who execute the attached Exhibit A;

2

(h)     and other persons by written agreement of the parties who execute the attached

Exhibit A.

5.      No Confidential Material shall be disclosed to anyone other than the named

parties in this litigation or their counsel until said person first signs an agreement with respect to

the confidentiality of such information in the form attached hereto as Exhibit A.  Prior to

disclosing any Confidential Material to any person listed in paragraph 4 above (other than

counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel

shall provide such person with a copy of this Protective Order and have such person execute a

copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be

bound by its provisions. All such acknowledgments shall be retained by counsel and shall be

subject to *in camera* review by the Court if good cause for review is demonstrated by opposing

counsel.

6.      This Protective Order shall not prohibit or restrain any party from performing the

tasks necessary to prepare for trial; however, any redisclosure or communication of the

information covered by this Protective Order, except as specifically allowed by this Protective

Order for the purposes of this litigation only, is strictly prohibited.  The object of this Protective

Order is that none of the information revealed in connection with such protections be used for

any purpose other than in relation to this litigation and that no one be allowed to use any

information produced pursuant to this order in connection with any other issue, dispute, litigation

or charge against any of the parties whether currently pending or contemplated in the future.

7.      No reproduction of information disclosed in reliance on this Protective Order is

authorized, except to the extent copies are required to prepare the case for trial.  All copies,

excerpts, or summaries made, shown, or given to those authorized hereby and according to the

provisions hereof shall be stamped to indicate the protected and confidential nature of the

disclosed information. Review of Confidential Material by counsel, experts or consultants for the

litigation will not constitute any waiver of the confidentiality of the document or of any

objections to production.  The inadvertent, unintentional or *in camera* disclosure of Confidential

Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any

claims of confidentiality.

8.      Counsel to the parties are required to advise, instruct and supervise all associates,

staff and employees of counsel to keep designated Confidential Material confidential in the

strictest possible fashion.  Counsel and the Parties also agree to such treatment of the

information by themselves, and counsel will appropriately instruct their clients as to the

protected nature of the information produced pursuant to this order and the limitations on its use

and disclosure.

9.      Documents are designated as Confidential Material by placing or affixing on

them (in a manner that will not interfere with their legibility) the following or other appropriate

notice:  "CONFIDENTIAL."

10.     Whenever a deposition involves the disclosure of Confidential Material, the

deposition or portions thereof shall be designated as Confidential and subject to this Protective

Order.  Such designation shall be made on the record during the deposition whenever possible,

but a party may designate portions of depositions as Confidential after transcription, provided

written notice of the designation is promptly given to all counsel of record within thirty (30)

days after notice by the court reporter of the completion of the transcript.  The cover page, those

4

portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript.  Any deposition exhibits designated confidential shall also be bound separately.

11.     A party may object to the designation of particular documents as Confidential Material by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the dispute information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12.     After the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential shall be returned to the party that designated the material as Confidential, or the parties may elect to destroy confidential documents.  Where the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.  All documents designated

as Confidential shall maintained as Confidential during the three year period following the conclusion of the case.

13.     Stamped confidential documents shall not be filed with the clerk except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes if the confidential documents are relevant to the motion.  A party contemplating filing Confidential Material protected by this Protective Order to the Court must include a notice to the Court that Confidential Material is being filed in a sealed envelope or other suitable sealed container with the case caption on the outside, and with the following or a similar statement:  "Confidential—This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Material designated by the parties."  A party contemplating filing Confidential Material protected by this Protective Order to the Court shall also comply with all applicable local rules of the United States District Court for the District of Colorado.  All Confidential Materials so filed with the Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court.

14.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper.  Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or

information sought.

Dated this 23rd day of September, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-154-REB-CBS

LaRUE TROWELL,

      Plaintiff,

v.

ARAPAHOE HOUSE, INC.,
SYLVIA FRANCIS,
ROGER SEE, and
GUY WALKER,

      Defendants.

---

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**

---

      I, _____, the undersigned, being duly sworn, hereby acknowledges that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

      My current address and telephone number is: _____

_____

                                                         _____

_____

                                                         Signature

STATE of _____      )
                                )ss.

8

COUNTY of _____          )

       The foregoing Confidentiality Agreement was sworn and acknowledged to before me by _____ on this day of _____, 200__.

       Witness my hand and official seal.

[seal]                               _____

                                      Notary Public

My commission expires:_____

9